UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NICOLE OLIVER                                        CIVIL ACTION

VERSUS

LAUREN ENGINEERS & CONSTRUCTORS,     No. 16-00442-JJB-EWD
INC., AND JACKIE LNU

## RULING

Before the Court is a *Motion for Summary Judgment* filed on behalf of Lauren Engineers & Constructors, Inc.[1] *Pro Se* Plaintiff, Nicole Oliver, has not filed an opposition.[2] The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is not necessary. For the following reasons, Defendant's *Motion* is granted.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[3]

In this employment discrimination case, *pro se* Plaintiff, Nicole Oliver, ("Plaintiff" or "Oliver") has asserted claims against her former employer, Lauren Engineers & Constructors, Inc. ("Defendant" or "Lauren") and her former supervisor, Jackie Lnu.[4]

---

[1] Doc. 25.
[2] Originally, Oliver was represented by counsel. After the filing of Lauren's *Motion for Summary Judgment*, then-counsel for Plaintiff filed a *Motion to Withdraw*. Doc. 28. The Court granted the *Motion*. Doc. 31. Thereafter, on August 30, 2017, the Court issued an *Order* denying without prejudice Defendant's *Motion to Dismiss for Failure to Prosecute*. Doc. 33. In that *Order*, the Court directed Oliver "to apprise the Court, by filing into the record, either her intention to proceed with her case *pro se* or by providing the name(s) of the attorney(s) who [would] be representing her in this matter going forward." Doc. 33. The Court gave Plaintiff 30 days to comply. More than 30 days have passed since the Court's *Order*. Therefore, it is the Court's opinion that Plaintiff is proceeding *pro se*.
[3] For purposes of the factual background section of this Court's *Ruling*, the facts are derived from the Defendant's *Statement of Uncontested Material Facts in Support of Motion for Summary Judgment*. Doc. 25-2. Because Oliver failed to oppose the Defendant's *Motion*, the Court accepts as undisputed the facts set forth by the Defendant in its *Statement of Uncontested Material Facts*. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).
[4] After reviewing the record in this case, there has been no appearance made by Defendant Jackie Lnu ("Lnu"). However, the record shows that Plaintiff never served Lnu. Plaintiff claimed that Lnu was negligent through his improper use of authority; his failure to maintain/treat employees equally; and for wrongful termination. Doc. 1, p. 3; Doc. 3, p. 3.

1

Oliver began her employment with Lauren on March 5, 2015 as a Labor Foreman at the CF Industries Plant in Donaldsonville, Louisiana. All employees hired by Lauren on this jobsite, including Oliver, were required to attend site-specific training through the local safety council. During this training, Oliver was advised of the client's expectation that cell phone use, taking pictures, and recording videos of the client's proprietary property and equipment was prohibited for confidentiality reasons. On May 11, 2015, Lauren terminated Oliver for violating this policy.

On May 28, 2015, Oliver filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") asserting sex discrimination.[5] In her Charge, Oliver claimed that she was terminated for using her phone to take pictures and videos while at work in violation of work policy.[6] She further stated that a male foreman also used his phone to take pictures but no action was taken against him.[7] On March 17, 2016, a *Notice of Right to Sue (Issued On Request)* was sent to Oliver.[8] Subsequently, on June 30, 2016, Oliver filed her federal complaint asserting a Title VII sex discrimination claim and multiple negligence claims under Louisiana state law.[9]

Lauren now seeks dismissal of Oliver's claims on summary judgment on two grounds. First, Lauren argues that Oliver's Title VII sex discrimination claim should be dismissed as a matter of law because it is time barred. As for Oliver's remaining state law negligence claims, Lauren contends the Louisiana Worker's Compensation Act

---

[5] Doc. 25-3, p. 5.
[6] Doc. 25-3, p. 5.
[7] Doc. 25-3, p. 5.
[8] Doc. 25-3, p. 9.
[9] Plaintiff filed an *Amended Complaint* on July 7, 2016. Doc. 3. However, it appears to be identical to the original *Complaint*.

("LWCA") bars negligence claims against employers; therefore, Oliver's claims against Lauren must be dismissed. Oliver has not responded to any of Lauren's arguments.

## II. LEGAL STANDARD AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "An issue is material if its resolution could affect the outcome of the action."[11] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[12] "A party moving for summary judgment 'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[13] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[14] However, the non-moving party's "burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[15]

---

[10] Fed. R. Civ. P. 56(a).
[11] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005)(quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)).
[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).
[13] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D.La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986))).
[14] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)(internal quotations omitted)).
[15] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal quotations and citations omitted)).

3

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[16] The Court must resolve all reasonable factual inferences in favor of the nonmoving party.[17] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[18] "Conclusory allegations unsupported by specific facts, however, will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without 'any significant probative evidence tending to support the complaint.'"[19]

B.  Is Oliver's Title VII Sex Discrimination Claim Time-Barred?

Lauren argues that Oliver's Title VII sex discrimination claim is untimely because she failed to file her lawsuit within ninety days of receiving her *Notice of Right to Sue (Issued On Request)* ("*Notice*"). The Court agrees.

Upon receipt of a notice of right-to-sue from the EEOC, a plaintiff has ninety days to file her lawsuit.[20] "The requirement that a party file a lawsuit within this ninety-day limitations period under Title VII ... is strictly construed."[21] "[C]ommencement of the ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant."[22] However, when the date on which the notice of right-to-

---

[16] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[17] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[18] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).
[19] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249)(citation omitted)).
[20] 42 U.S.C. § 2000e-5(f)(1); *Zamora v. GC Servs., L.P.*, 647 Fed.Appx. 330, 332 (5th Cir. 2016); *Garcia v. Penske Logistics, L.L.C.*, 631 Fed.Appx. 204, 207-08 (5th Cir. 2015).
[21] *Garcia*, 631 Fed.Appx. at 208; *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).
[22] *Bowers v. Potter*, 113 Fed.Appx. 610, 612 (5th Cir. 2004).

sue was received is unknown, the Fifth Circuit has adopted a presumption that the plaintiff received the notice in three days.[23]

In this case, the EEOC mailed Oliver her *Notice* on March 17, 2016. After reviewing the record and evidence, it is unknown when Oliver actually received her *Notice*. Therefore, applying the three-day presumption rule, the Court finds that Oliver received the *Notice* on Monday, March 21, 2016.[24] As previously discussed, Oliver had to file her civil action no more than ninety days after she received her *Notice*. In other words, Oliver had until June 20, 2016 to file her lawsuit. However, the record demonstrates that Oliver did not file her lawsuit until June 30, 2016—approximately ten days past the statutorily mandated deadline. Accordingly, the Court finds that Oliver's Title VII sex discrimination claim is time-barred and shall be dismissed as a matter of law.

    C.    Does Louisiana's Worker's Compensation Act Bar Oliver's Negligence Claims?

Oliver has alleged that her injuries were caused by her former employer's negligent hiring and negligent training of managerial employees. Under Louisiana law, the exclusive remedy for an employee who is injured while in the course and scope of their employment is the LWCA, unless the employee can show that the injury is the result of the employer's "intentional act."[25] Even resolving all reasonable factual inferences in favor of the Oliver, the Court finds that Oliver has not pled any intentional action on the part of her former employer so as to trigger the exception to the LWCA. Moreover, Louisiana courts have held that the dismissal of an employee's claims against her

---

[23] *Jenkins v. City of San Antonio Fire Dept.*, 784 F.3d 263, 267 (5th Cir. 2015).
[24] Three days from March 17, 2016 was Sunday, March 20, 2016. The Court takes judicial notice of the fact that the United States Postal Service does not usually deliver mail on Sundays. Fed. R. Evid. 201(f). In light of this fact, the Court has construed the three days as being Monday, March 21, 2016.
[25] La. Rev. Stat. §§23:1032(A)-(B) (1990).

employer for negligent hiring is appropriate because these are negligence claims that must be adjudicated by the Office of Workers' Compensation.[26] Accordingly, Lauren is entitled to summary judgment on Oliver's state law negligence claims.

## III. CONCLUSION

For the foregoing reasons, the *Motion for Summary Judgment* filed on behalf of Lauren Engineers & Constructors, Inc. is hereby GRANTED.[27] Plaintiff Nicole Oliver's claims against Lauren Engineers & Constructors, Inc. are hereby dismissed with prejudice. Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on October 19th, 2017.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[26] *See Wakefield v. Kyle*, 44, 317 (La. App. 2 Cir. 5/13/09); 12 So.3d 468, 473; *see also, Reeves v. Structural Preservation Systems*, 98-1795 (La. 1999); 731 So.2d 208, 212.
[27] Doc. 25.